### STATE OF CONNECTICUT *v.* JESSE H.*
### (AC 34090)

DiPentima, C. J., and Robinson and Bishop, Js.

Argued September 16—officially released November 5, 2013

---

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to use the defendant's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

*Christopher Y. Duby*, assigned counsel, for the appellant (defendant).

*Gregory L. Borrelli*, certified legal intern, with whom were *Bruce R. Lockwood*, senior assistant state's attorney, and, on the brief, *Gail P. Hardy*, state's attorney, and *Robin D. Krawczyk*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Jesse H., appeals from the judgment of conviction, rendered after a jury trial, of two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1), and one count of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (2). On appeal, the defendant claims that the court improperly allowed the state to present evidence of uncharged misconduct. We disagree and, accordingly, affirm the judgment of conviction.

The jury reasonably could have found the following facts. The defendant was married to the victim's biological grandmother and had known the victim her entire life. Because of discord between the victim and her parents, she routinely would stay at her grandparents' house. In 2009, when the victim was eighteen years old, the victim's grandmother traveled to Jamaica to visit her relatives for Thanksgiving, and the victim stayed with the defendant. On November 28, 2009, after

attending a movie with her mother and brothers, the victim returned to the defendant's home to sleep. The defendant then sexually assaulted the victim by forcing her to engage in vaginal intercourse.

The defendant was arrested and charged with the aforementioned crimes. The case proceeded to a jury trial, after which the jury found the defendant guilty on all counts. The court rendered judgment accordingly and sentenced him to a total effective sentence of eight years of incarceration, followed by eight years of special parole. This appeal followed.

The defendant contends that the court improperly allowed the state to present evidence of uncharged misconduct. He argues that the evidence was not relevant because it was too remote, and, therefore, that the court should have excluded it at trial.[1] We are not persuaded.

The following additional facts are relevant to the resolution of the defendant's claim. Before allowing the propensity witness (witness) to testify, the court conducted an in camera hearing to determine the admissibility of the testimony. The witness, who was twenty-five years old when she appeared in court, testified that she was approximately seventeen years old and the stepdaughter of the defendant at the time of the uncharged misconduct. The court found that the uncharged misconduct was "strikingly similar" to the charged offenses, and, after finding the evidence to be relevant, allowed the witness to testify over the defendant's objection. During the jury charge, the court provided a limiting instruction as to the proper use of the witness' testimony.[2]

---

[1] The defendant also argued in his brief that the evidence was not relevant because there were no similarities between the uncharged misconduct and the charged conduct. At oral argument before this court, the defendant conceded that his relevance claim is controlled by *State* v. *Barry A.*, 145 Conn. App. 582, 76 A.3d 211 (2013). We agree.

[2] In a footnote of his brief, the defendant contends that, under *State* v. *DeJesus*, 288 Conn. 418, 953 A.2d 45 (2008), the court was required to give

The standard of review regarding the admissibility of propensity evidence in sexual assault cases is well established. "The admission of evidence of . . . uncharged misconduct is a decision properly within the discretion of the trial court. . . . [E]very reasonable presumption should be given in favor of the trial court's ruling . . . [and its] decision will be reversed only where abuse of discretion is manifest or where an injustice appears to have been done." (Internal quotation marks omitted.) *State* v. *Barry A.*, 145 Conn. App. 582, 591, 76 A.3d 211 (2013).

Our Supreme Court, in *State* v. *DeJesus*, 288 Conn. 418, 473–74, 953 A.2d 45 (2008), determined that evidence of prior uncharged misconduct is admissible in sex crime cases if three conditions are satisfied. "First, the evidence [must be] relevant to prove that the defendant had a propensity or a tendency to engage in the type of aberrant and compulsive criminal sexual behavior with which he or she is charged. Relevancy is established by satisfying the liberal standard pursuant to which evidence previously was admitted under the common scheme or plan exception. Accordingly, evidence of uncharged misconduct is relevant to prove that the defendant had a propensity or a tendency to engage in the crime charged only if it is: '(1) . . . not too remote in time; (2) . . . similar to the offense charged; and (3) . . . committed upon persons similar to the prosecuting witness.' " Id., 473. "As to the first of the three relevancy prongs, we compare the time with reference to the period between the cessation of the prior misconduct and the beginning of the charged sexual abuse." (Internal quotation marks omitted.) *State* v. *Antonaras*,

an appropriate limiting instruction to the jury prior to allowing the witness to testify. At trial, however, the defendant did not object on this ground before the witness testified. Additionally, because the defendant did not adequately brief this issue or advance it during oral argument, this court will not address it.

137 Conn. App. 703, 716, 49 A.3d 783, cert. denied, 307 Conn. 936, 56 A.3d 716 (2012).

The witness, who was twenty-five years old at the time of the trial, testified that the uncharged misconduct occurred when she was seventeen years old. Therefore, the uncharged misconduct would have taken place approximately in 2003, making it a difference of six years between the cessation of the prior misconduct and the beginning of the charged conduct in 2009. Our Supreme Court has held that both a gap of nine years and ten years is not too remote. See *State* v. *Jacobson*, 283 Conn. 618, 632–33, 930 A.2d 628 (2007) (ten year gap not "insignificant," but not too remote); *State* v. *Romero*, 269 Conn. 481, 498–500, 849 A.2d 760 (2004) (nine year gap not too remote).

Additionally, this court has held that a gap of twelve years is not too remote when there is significant similarity between the uncharged misconduct and the charged conduct. See *State* v. *Antonaras*, supra, 137 Conn. App. 716–17. Given that the court found there to be "striking similarity" between the two events, and in consideration of the precedent set forth by both this court and our Supreme Court, we cannot conclude that the court erred in finding the uncharged misconduct evidence relevant in the present case.

The judgment is affirmed.